Merrimack,
Dec. 2, 1930.

GEORGE A. FOSTER, *Trustee, v.* EARL S. DUTTON.

472

*Foster & Lake*, for the plaintiff.

*Doyle & Doyle*, for the defendant.

MARBLE, J. Section 13 of chapter 309 of the Public Laws provides that the judge of probate, on application of a trustee, may "authorize and require the trustee to sell any property holden in trust, and to invest the proceeds of the sale in such manner as will be most for the interest of all persons concerned therein."

If the defendant's contention is correct, the clause of the will relating to the termination of the trust constitutes a prohibition during the beneficiary's lifetime against the sale of any of the real estate devised to the trustees even if sold under the authority of the statute—and this in spite of the expressed desire of the testatrix for prudent and businesslike management. No reason is apparent for the adoption of so strained a construction. The language of a will should be literally interpreted unless there is evidence that it was used in a different sense. *McAllister* v. *Hayes*, 76 N. H. 108.

The natural import of the clause in question is simply that the trustees shall convert into cash (when it can be done advantageously) the real estate remaining in their hands after the beneficiary's death instead of applying to the probate court in accordance with the provisions of P. L., *c.* 309, *s.* 14, for leave to convey such real estate to the persons entitled thereto under the will.

This disposes of the first and second grounds of appeal. The third ground presents merely a question of fact which has been decided adversely to the defendant.

*Exceptions overruled.*

All concurred.